## GOODGION v. VAUGHN.

A married woman is not liable on her note and mortgage given for money borrowed to purchase family supplies and to pay off outstanding mortgages which were invalid because not made with reference to her separate estate, the lender having knowledge of the consideration of the outstanding mortgages and of the purposes for which the money was borrowed.

Before HUDSON, J., Laurens, February, 1889.

Action for foreclosure by Fannie A. Goodgion against Hannah Vaughn, commenced January 2, 1888. The note and mortgage bore date March 22, 1887, and were given by Mrs. Vaughn, a married woman, for money borrowed to purchase family supplies and to pay off three older mortgages, one given in 1884, one in 1887, and the date of the third one not stated. The Circuit decree was as follows:

I take it that under our law since 1882 a mortgage of the wife's land, as security for a debt contracted by the husband, is not void, but only voidable. Should she see fit to pay the debt in discharge of the mortgage, the payment would be good; should she see fit to submit to a decree of foreclosure and sale, the title of the purchaser would be good. In the one case she would be estopped to recover back the money voluntarily paid by her; and in the other case she would be estopped from contesting the title of the purchaser.

In the case before me I find that the defendant borrowed the money of the plaintiff for the express purpose of lifting a mortgage from her land, which she had placed thereon as security for her husband's debt, and also to lift a mortgage from a mule of which she herself was a part owner, and to get supplies to make a crop on her farm. At the earnest solicitation of the defendant the plaintiff loaned her the money for this one purpose, the defendant having told for what she wanted the money. The transaction was between the two ladies, and was thus intended to be and was for the benefit of the defendant's separate estate. The defendant resolved to disencumber her separate estate of the then existing

mortgages, and induced the plaintiff to lend the money for this declared purpose. The plaintiff loaned the money accordingly, and to secure its payment took from the defendant a mortgage to her husband. Such a contract is one clearly "as to" her separate estate and for the benefit thereof. The note and mortgage were transferred to plaintiff.

A married woman has the power and the right to borrow money, and to secure its payment she can bind her separate estate by mortgage; she cannot afterwards repudiate the contract by saying that with this money she paid off mortgages on her property which the law did not compel her to pay. Such a transaction having been completed, she is estopped from repudiating it by saying that it was not for the benefit of her separate estate. The plaintiff loaned her money directly to the defendant for the immediate relief of the defendant's separate estate, and with it that estate was relieved. Under these circumstances the plaintiff's mortgage is good in law, under its strictest interpretation by our Supreme Court, and she is entitled to a decree of foreclosure and sale.

I find that there is now due and owing on said debt the sum of one hundred and eighty-seven dollars. To satisfy this debt the plaintiff is entitled to a decree of foreclosure and sale.

Then follows the usual judgment of foreclosure and order for sale.

Defendant appealed on the following grounds: I. Because under our constitution no power is given to a married woman enabling her to mortgage her separate estate, and she has no power to execute a mortgage. II. Because his honor erred in holding that the defendant borrowed the money from Mrs. Goodjoin; that the defendant earnestly solicited the plaintiff to loan her the money, and that this transaction was between two ladies. III. Because his honor erred in holding that the transaction was intended to be and was for the benefit of the defendant's separate estate, and that the contract was one clearly "as to her" separate estate. IV. Because his honor erred in holding that the defendant is estopped from repudiating the transaction by saying that it was not for the benefit of her separate estate. V. Because his

honor erred in holding that a mortgage of a married woman was not void, but voidable only, while under our law at the time of this contract she had no right or power to make a contract not for the benefit of her separate estate. VI. Because his honor erred in holding that under the circumstances the plaintiff's mortgage is good in law, under the strictest interpretation by our Supreme Court, and she is entitled to a decree of foreclosure and sale. VII. Because his honor erred in holding that a woman had a right to borrow money and secure its payment by mortgage. VIII. Because his honor erred in not holding that the money borrowed for the purchasing supplies for the support of defendant's family is not a binding contract upon the defendant. IX. Because his honor erred in not holding that the obligations for which this money was borrowed to pay was of force as against the defendant's separate estate, and therefore to pay them could not benefit the separate estate of this defendant. X. Because the money borrowed was not for the benefit of the defendant's separate estate.

*Messrs. J. W. Shelor* and *H. Y. Simpson*, for appellant.

*Messrs. Haskell & Dial*, contra.

April 14, 1890.   The opinion of the court was delivered by

Mr. Chief Justice Simpson.   The defendant, appellant, a married woman, borrowed of the plaintiff, respondent, $160, for which she gave a note and a mortgage to secure said note on a tract of land, her separate estate. This money was borrowed, the greater part to be used to pay off certain debts of her husband to W. D. Sullivan, McCarley, and G. W. Sullivan, and the balance in the purchase of supplies for the family, a portion of which had already been advanced to the said husband. The action below was brought to foreclose said mortgage and for judgment for any deficiency on said note.

As to the facts, the Circuit Judge found: "That the defendant borrowed the money of the plaintiff for the express purpose of lifting a mortgage from her land, which she had placed thereon as security for her husband's debt, and also to lift a mortgage

from a mule of which she herself was a part owner, and to get supplies to make a crop on her farm;" and further, "that the plaintiff loaned the money for this express purpose, the defendant having told the plaintiff for what she wanted the money." It appears from the testimony, as already stated, that the defendant's husband contracted the debts to W. D. Sullivan, T. A. McCarley, and G. W. Sullivan; that he gave the mortgage on a mule owned in part by himself and in part by his wife to W. D. Sullivan and McCarley, and that his wife had given a mortgage on her land to secure the debt to G. W. Sullivan and to raise money to pay off these debts of her husband, and to purchase some supplies for the family, for which the husband was liable. The $160 in question was borrowed from the plaintiff, the plaintiff having full knowledge of the purpose of defendant in getting said money.

We think this case falls directly under the principle laid down and enforced in the cases of *Tribble* v. *Poore*, 30 S. C., 97; *Gwynn* v. *Gwynn*, 31 *Ibid.*, 482; *Greig & Matthews* v. *Smith*, 29 *Id.*, 435. It is true that it has been held in several cases in this State that a married woman may borrow money, and secure its payment by a valid mortgage, although the money may be used by or for the benefit of the husband, provided that the lender has no knowledge of such intended use. The cases, however, above make a marked distinction between such cases and cases where the lender is informed of the intended use, or has knowledge thereof, holding unequivocally in such latter cases that the note, mortgage, or whatever obligation may be given in such case, is absolutely void. Inasmuch, therefore, as the plaintiff here had full knowledge that she was lending the money in question to defendant to pay off her husband's debts, and to furnish him with the means of supplying his family with necessaries, there can be no question that the judgment below must be reversed under the authority of the cases *supra*.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE McIVER concurred.

MR. JUSTICE McGOWAN.   I concur on the authority of cases recently decided.